Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILD FISH CONSERVANCY,

    Plaintiff,

  v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

    Defendants,

  and

ICICLE ACQUISITION SUBSIDIARY, LLC, *d.b.a.* AMERICAN GOLD SEAFOOD,

    Intervenor.

C08-0156-JCC

**ORDER**

This matter comes before the Court on Plaintiff's motion for an award of attorney fees and expenses (Dkt. No. 71), and the parties' stipulated fee agreement. (Dkt. No. 74). Having thoroughly considered Plaintiff's motion, the parties' stipulated agreement, and the relevant record, the Court hereby GRANTS the application for the reasons explained below.

ORDER, C08-0156-JCC
Page 1

## I.   BACKGROUND

Plaintiff commenced this action on January 30, 2008, seeking declaratory and injunctive relief against the United States Environmental Protection Agency (EPA) and the National Marine Fisheries Service. (Complaint (Dkt. No. 1)). Plaintiff argued that the EPA had violated the Clean Water Act and the Administrative Procedures Act by approving regulations that were inconsistent with the Act's requirements, and that the EPA and the Fisheries Service had violated the Endangered Species Act by ignoring the best available scientific and commercial data during an interagency consultation process. (Second Amended Complaint 12-18 (Dkt. No. 27)).

Over the course of the next two years, Plaintiff submitted two amended complaints (Dkt. Nos. 14 & 27), filed a motion to complete and supplement the administrative record (Dkt. No. 44), and filed a motion for summary judgment (Dkt. No. 52). Both the motion to complete and supplement the administrative record and the motion for summary judgment relied on hundreds of pages of exhibits and declarations. Plaintiff conducted the litigation without the support of a large team of attorneys and without significant financial resources: As a non-profit organization dedicated to the conservation of Puget Sound ecosystems that support wild-fish populations, Plaintiff employs only sixteen individuals, and has a net worth of less than seven million dollars. (Hersh Decl. 3 (Dkt. No. 71-2)).

Throughout the litigation, Plaintiff nonetheless enjoyed the help of attorneys with extensive experience litigating environmental issues: Mr. Brian Knutsen has devoted the majority of his career to environmental litigation, having served as lead counsel in several cases involving environmental statutes. (Knutsen Decl. 3 (Dkt. No. 71-1)). Mr. Richard Smith has similar experience, having advocated for environmental organizations like the Seattle Audubon Society, Defenders of Wildlife, and the Washington Environmental Council. (*Id.* 4). Finally, Ms. Bridget Baker-White has also devoted substantial time to the environmental-law arena, including her work with the Appalachian Research and Defense Fund, a legal-aid practice dedicated to environmental issues that arise from coal mining. (*Id.* 5).

On April 28, 2010, this Court issued an order granting Plaintiff's motion for summary judgment and denying Defendant's cross-motion for summary judgment. (Dkt. No. 66). The Court therefore vacated the 2008 decision of the Environmental Protection Agency to approve Washington State's water-quality standards dealing with salmon farms and ordered the Agency and the Fisheries Service to reconsider whether formal consultation is required. (Order 12 (Dkt. No. 66)).

## II.    RELEVANT LAW

Plaintiff moves for an award of attorney fees under both the Equal Access to Justice Act, and the Endangered Species Act. The parties have agreed that Plaintiff is entitled to an award of $138,000 under either theory. For the reasons explained below, the Court agrees.

### A.    Equal Access to Justice Act

Under the Equal Access to Justice Act, any non-profit organization with a net worth of less than sevenC million dollars and which employs fewer than five hundred individuals is presumptively entitled to court costs and reasonable attorney fees whenever it prevails in an action against the United States. 28 U.S.C. § 2412(d)(1)(A). An award of fees to such a prevailing party is inappropriate only if the United States establishes that its position was substantially justified or if other circumstances make an award unjust. *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990).

Attorney fees under the Act are generally limited to one-hundred twenty-five dollars per hour unless special factors merit higher fees. 28 U.S.C. § 2412(d)(2)(A)(ii). Such factors include the limited availability of qualified attorneys. *Id.* Under Ninth Circuit precedent, a party moving for an award of higher attorney fees must satisfy three requirements: "First, the attorney must possess distinctive knowledge and skills developed through a practice specialty. Second, those distinctive skills must be needed in the litigation. Last, those skills must not be available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991). Environmental litigation is a specialized area of law requiring distinctive knowledge. *Id.*

**B.     The Endangered Species Act**

This Court has the discretion to award attorney fees and litigation costs to any party bringing suit under the citizen-suit provision of the Endangered Species Act, whenever such award is "appropriate." 16 U.S.C. § 1540(g)(4). For an award to be appropriate, the party must have "some degree of success on the merits." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983). The statute requires that attorney fees be "reasonable." 16 U.S.C. § 1540(g)(4).

**III.    DISCUSSION**

Because this Court concluded that the Environmental Protection Agency and the Fisheries Service violated the Administrative Procedures Act by failing to use the best available scientific data (Order 12 (Dkt. No. 66)), and because Plaintiff is non-profit organization with a net worth of less than seven million dollars that employs fewer than five hundred individuals, an award of attorney fees is presumptively appropriate under the Equal Access to Justice Act. *See Bay Area Peace Navy*, 914 F.2d at 1230. Because the United States nowhere argues that its position in this litigation was "substantially justified," Plaintiff is entitled to reasonable attorney fees. *See* 28 U.S.C. § 2412(d)(1)(A).

Because this Court also vacated the 2008 decision of the Environmental Protection Agency to approve Washington State's water-quality standards dealing with salmon farms (Order 12 (Dkt. No. 66)), Plaintiff achieved "some degree of success on the merits" in a suit that arose under the citizen-suit provision of the Endangered Species Act. *See Ruckelshaus*, 463 U.S. at 694. An award of attorney fees is therefore also appropriate under the Endangered Species Act. *See* 16 U.S.C. § 1540(g).

**A.     Reasonable Attorney Fees**

This litigation involved a specialized area of law requiring distinctive knowledge. Plaintiff's briefing demonstrates that its attorneys were well-versed in the provisions of the Clean Water Act, the Endangered Species Act, and the Administrative Procedures Act, as well as the respective responsibilities of the Environmental Protection Agency and the Fisheries Service under each of the

ORDER, C08-0156-JCC
Page 4

several acts. The briefing also demonstrates that Plaintiff's attorneys were well-versed in the technical and scientific issues specific to this case, including the scientific literature which argues that salmon net pens create specific dangers for wild-salmon populations. (*See, e.g.,* Motion (Dkt. No. 52)).

Because Plaintiff's attorneys possessed distinctive knowledge and skills developed through a practice specialty, because such knowledge and skills were required to litigate this matter, and because such knowledge and skills are unavailable for one-hundred twenty-five dollars per hour, Plaintiff is entitled to an award of attorney fees higher than the presumptively reasonable fee provided under the terms of the Equal Access to Justice Act. *See Love*, 924 F.2d at 1496. An award of more than one-hundred twenty-five dollars per hour is also "appropriate" under the Endangered Species Act. *See* 16 U.S.C. § 1540(g)(4).

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby GRANTS Plaintiff's motion for attorney fees and expenses. (Dkt. No. 71). Consistent with the terms of the parties' stipulated fee agreement (Dkt. No. 74), the Court therefore ORDERS Defendant to compensate Plaintiff for litigation costs and attorney fees in the amount of $138,000.

SO ORDERED this 20th day of September, 2010.

JOHN C. COUGHENOUR
United States District Judge